**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mamdouh Sabry Abdelrahman, Appellant,

v.

Daufuskie Island Utility Company Inc., Respondent.

Appellate Case No. 2014-001587

―――――――――

Appeal From Beaufort County
J. Ernest Kinard, Jr., Circuit Court Judge

―――――――――

Unpublished Opinion No. 2016-UP-301
Submitted March 28, 2016 – Filed June 15, 2016

―――――――――

**AFFIRMED**

―――――――――

Thomas A. Holloway, of Harvey & Battey, PA, of Beaufort, for Appellant.

Thomas P. Gressette, Jr., and George Trenholm Walker, both of Pratt-Thomas Walker, PA, of Charleston, for Respondent.

―――――――――

**PER CURIAM:** Mamdouh Sabry Abdelrahman appeals the grant of summary judgment to Daufuskie Island Utility Corporation (DIUC) in an action in which Abdelrahman sought, among other relief, a determination that DIUC was

statutorily barred from maintaining a condemnation action on real property that Abdelrahman had purchased at a tax sale. We affirm.[1]

The subject property was conveyed to DIUC, then operating as the Haig Point Utility, in 2001. Beaufort County sold the property at public auction to Abdelrahman in October 2010 and issued him a tax deed on December 1, 2011. In 2012, after learning of the conveyance, DIUC filed an action in the Beaufort County Court of Common Pleas, seeking (1) a declaratory adjudication that the 2010 tax sale and December 1, 2011 tax deed to Abdelrahman were invalid, void, and unenforceable; (2) an injunction enjoining Abdelrahman from interfering with DIUC's title to and possession of the subject property; (3) a declaratory judgment that DIUC was the true legal and beneficial owner of the subject property and had the right to possess it exclusively; (4) damages against Abdelrahman for unpaid availability fees; and (5) attorney's fees and costs. On April 8, 2013, the action was voluntarily dismissed pursuant to Rule 41(a), SCRCP.

DIUC then began condemnation proceedings on the subject property. After Abdelrahman did not accept DIUC's offer to purchase the subject property at its appraised value, DIUC sent Abdelrahman a condemnation notice and tender of payment dated August 1, 2013. DIUC commenced a condemnation action against Abdelrahman on September 12, 2013.

On September 4, 2013, before the condemnation action was filed, Abdelrahman filed this action against DIUC. In his complaint, Abdelrahman included an assertion that DIUC was barred by section 15-67-20 of the South Carolina Code (2005) from maintaining a condemnation action against him because it had filed a previous action for the purpose of recovering the property that was the subject of the condemnation notice.

In November 2013, DIUC moved for summary judgment in the action commenced by Abdelrahman. Following a hearing, the circuit court granted DIUC's motion. In ruling that DIUC's condemnation action against Abdelrahman was not barred by section 15-67-20, the court cited several reasons, including its finding that a condemnation action was not "an action for the recovery of real property" as contemplated in this section. We agree with this finding and therefore hold the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

circuit court correctly concluded that DIUC's condemnation was not barred by section 15-67-20.

The current version of section 15-67-20 provides as follows: "The plaintiff in actions for recovery of real property or the recovery of the possession of real property is limited to one action for recovery."  Here, the pleadings DIUC filed in its condemnation action did not challenge the validity of Abdelrahman's title to the subject property; to the contrary, DIUC's notice of condemnation and tender of payment specifically alleged Abdelrahman was the record owner of the property pursuant to a tax deed from the Beaufort County Treasurer.  DIUC's suit to condemn property to which it no longer held record title was not for the purpose of "recovering" either title or possession of that property.  *See* S.C. Code Ann. § 28-2-210 (2007) ("Any condemnor may institute an action under this chapter for the *acquisition* of an interest in any real property for any public purpose." (emphasis added)).

**AFFIRMED.**

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**